May Term, 1881, No. 106.                    May 18th, 1881.

## Klopp *versus* Klopp.

A married woman assigned certain securities upon an agreement with the assignee that if, thereafter, she should be in need of money for her comfortable support, he should pay her such sums from time to time as she might desire to have and use for her maintenance and support, and, after her decease, he should convert them into money, and pay the amount to certain persons therein designated, and should reassign and retransfer them to her, or pay her the money realized from them at any time during her lifetime, if she should so desire and notify him. She afterward made a will in which these securities were not mentioned. After her death her husband assigned all his interest in them to her assignee. *Held,* that the title of the assignee was complete for the purposes of the trust, and that her executor could not recover as against him.

Error to the Court of Common Pleas of *Lebanon County.*

Assumpsit by Isaac P. Klopp, executor of the estate of Sarah Ann Zeller, against Jonathan B. Klopp and Sarah Amanda Seibert and her husband, who were permitted to appear and defend the interest of the said Sarah Amanda.

The action was brought upon an instrument of writing, ·dated November 30th, 1877, signed and sealed by the defend-.ant, which set forth :

" Whereas, I, Jonathan B. Klopp, of Marion township, Berks County, and State of Pennsylvania, having lately received from my sister, Sarah Ann Zeller, sundry valuable

[Klopp *v.* Klopp.]

securities, papers, and moneys, I do hereby obligate and bind myself, my heirs, executors, and administrators, in case said Sarah Ann Zeller shall hereafter be in need of money for her comfortable support, to pay her such sums from time to time as she may desire to have and use for her maintenance and support, and after her decease, and within a reasonable time after said securities, etc., have been converted into money, to pay the several amounts hereinafter mentioned, in manner following ; provided, the said Sarah Ann Zeller will not during her lifetime receive more than the interest or income of said securities." The instrument then proceeds to designate the disposition to be made of the moneys, and concludes: "And the said Jonathan B. Klopp further obligates and binds himself, his heirs, executors, and administrators, to reassign and retransfer unto the said Sarah Ann Zeller the aforementioned securities, etc., or pay unto her the money realized from the same at any time during her lifetime, if she shall so desire, and notify him thereof, provided the same then remains in his hands, and provided also that in that case all moneys hereafter paid to her by him, as well as all reasonable costs, charges, and expenses incurred by him in and concerning the same be refunded to him, the said Jonathan B. Klopp."

The defendant filed an affidavit of defence which set forth that "Sarah Ann Zeller, the testatrix, intermarried with William Zeller on or about the 5th day of March, 1874 ; that they subsequently cohabited in Lebanon County, where the husband was domiciled, nearly three years, they having commenced housekeeping in April or May, after their marriage ; that for some cause the said testatrix, on or about the 27th day of March, 1877, separated herself from her husband, and made her home with Mrs. Harriet Klopp in Tulpehocken township, Berks County, where she remained until her death ; that her health was impaired when she withdrew from the society of her husband, and that she continued to grow worse, until she died, on the 17th day of December, 1877 ; that she left her husband and collateral heirs to survive her, but no lineal descendants ; that during her illness, without her husband joining her, and without his consent, so far as this defendant has any knowledge, she, while she had thus separated herself from her husband, by assignment and delivery passed over to M. S. Thirwechter, Esq., bonds, notes, and other assets, with the verbal request that he would deliver them to this defendant, to be held by him for certain uses, trusts, and purposes, which she then named, and which the said M. S. Thirwechter afterwards reduced to writing, which was signed by this defendant, a true copy of which is hereto annexed;

and that this defendant holds the remaining assets, which are still in his hands, to be disposed of and distributed according to the wishes of the deceased verbally expressed, and afterwards reduced to writing by the said M. S. Thirwechter, in the absence and without the knowledge of the testatrix, and which this defendant afterwards executed as aforesaid, and this defendant has no other title to said money and assets, except as hereinafter mentioned; that some time after the death of the testatrix, her husband made a claim to said fund, which was afterwards compromised, with the consent of the plaintiff and the other collateral heirs of the deceased, and the defendant took an assignment from the husband of his entire interest in his wife's estate to himself and his heirs and assigns, a copy of which is hereto attached; that most of the money required to pay the sum coming to the husband under the aforesaid compromise was raised by this defendant, and upon his credit, he reimbursing himself afterwards out of the estate and effects in his hands as aforesaid, as said securities were paid; and that there is now a net balance of $10,593.65 in his hands, and no more, of said assets; that this defendant does not claim to hold said husband's interest in said estate so assigned to him as aforesaid to his own use, but claims to hold the said estate for the benefit of the collateral heirs of said deceased, he being one of them, to be distributed according to the verbal request and direction of the deceased, and afterwards reduced to writing as aforesaid; and this defendant doth hereto annex a copy of the last will and testament of the said testatrix."

Sarah Amanda Seibert made a supplemental affidavit of defence, in which she said *inter alia* " that in addition to the facts set forth in said affidavit and supplementary thereto, she says that said Sarah Ann Zeller was compelled to withdraw from the house of her husband, William Zeller, who, by a course of humiliating insults and annoyances, and fraudulent acts, threatened to destroy her health and deprive her of her estate; that she attended her aunt, Sarah Ann Zeller, during her last illness as a nurse, and rendered such services as were required in waiting upon her; that during this time her said aunt frequently said that she had made a settlement upon her of $5000, and that the sum was in the hands of Jonathan B. Klopp, her uncle."

The will of the testatrix, which was dated August 23d, 1877, disposed of only her household goods, furniture, wearing apparel, and small articles of personalty of little value.

The plaintiff moved for judgment for want of a sufficient affidavit of defence, which the court below, HENDERSON, J., overruled.

[Klopp v. Klopp.]

This ruling was excepted to by plaintiff, and assigned for error.

*Josiah Funck* for plaintiff in error.

There was no absolute unqualified transfer of these effects for a fixed and definite purpose, but testatrix reserved her control over the fund while she lived. The defendant was simply the custodian of these securities, with power and authority to collect them, and hold the proceeds for the benefit of testatrix, in whom the title remained until her death. This arrangement has all the characteristics of a testamentary disposition, but the statutory requirements are wanting. It is in the nature of a nuncupative will, without the necessary facts to support it. It is not a trust: Perry on Trusts, pl. 92; Long's Appeal, 5 Norris, 196. It is not a *donatio causa mortis.* Her reservation of control is inconsistent with the idea of a gift: Headley *v.* Kirby, 6 H., 326. It cannot be a gift *inter vivos:* Withers *v.* Weaver, 10 Barr, 391; Trough's Estate, 25 P. F. Smith, 117. The deceased died intestate as to these securities, and defendant has no title. The husband's assignment passed his interest to the defendant as custodian for the collateral heirs. The executor is the proper party to receive it for distribution : Johnson's Estate, 2 Wharton, 120.

*W. H. Livingood* for defendant in error.

The assignments indorsed on the securities and papers were absolute. They were lodged with the person designated. The donor had nothing more to do. Whatever evinces an intention that the property, of which he is the owner, shall beneficially be another's is sufficient to locate a trust: Helfenstein's Estate, 27 P. F. Smith, 331. The instrument will be construed to give effect to the intention : Bond *v.* Bunting, 28 P. F. Smith, 219. The reservation of the income and a power of revocation is consistent with the creation of a trust: Hall *v.* Hall, 14 L. R. Eq., 365; Evans *v.* Russell, 31 Leg. In., 125; Garnsey *v.* Mundy, Am. L. R., vol. 13, N. S., 348; Richardson *v.* Richardson, L. R., 3 Eq., 686; Morgan *v.* Malleson, L. R., 10 Eq., 476. The will shows by its silence as to this fund that she had already disposed of it.

If the testatrix died intestate as to this fund, her husband was entitled to the whole estate absolutely, and his assignment conveyed it to the defendant.

PER CURIAM: That a married woman, either before or since the act of 1848, could, with the consent of her husband, make

[Kreiter *v.* Miller.]

an absolute gift of her personal property is incontrovertible. Why, then, could she not make such a gift to a third person in trust for any lawful purposes ? No objection is made as to the want of actual delivery. The ratification of the husband is equivalent to his prior consent. The will of the donor carefully omits everything she had previously given. If this gift is invalid, she died intestate as to this property, and it became the absolute property of the husband, and his assignment passed it to the trustee. We think the affidavit showed a full defence, and the court below were right in refusing to enter judgment.

Order affirmed, and record remitted for further proceedings.